IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHASTIN THOMBS,

    Petitioner,                        CASE NO. 2:08-CV-728
                                          JUDGE GRAHAM
v.                                         MAGISTRATE JUDGE ABEL

ED VOORHIES, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ and supplemental memorandum in support, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

On August 23, 2005, petitioner pleaded guilty in Case Number 04-CR-1798 to four counts of robbery, with firearm specifications. The trial court sentenced petitioner pursuant to the joint recommendation of the parties to an aggregate term of eight years incarceration, such sentence to be served concurrently with Case Number 04-CR-2100. *Exhibit 8 to Return of Writ*. On that same date, petitioner pleaded guilty in Case Number 04-CR-2100 to felonious assault with a firearm specification. The trial court sentenced petitioner pursuant to the joint recommendation of the parties to eight years incarceration, such sentence to run concurrently with his sentence in Case Number 04-CR-1798. *Exhibit*

*9 to Return of Writ*. On that same date, petitioner also pleaded guilty in Case Number 04-CR-3776 to possession of crack cocaine. The trial court sentence petitioner pursuant to the joint recommendation of the parties to eighteen months, such sentence to be served concurrently with his sentences in the prior cases. *Exhibit 10 to Return of Writ*. Petitioner did not timely appeal. On April 30, 2007, he filed a motion for delayed appeal. *Exhibits 15,16 to Return of Writ*. Petitioner alleged, as cause for his untimely filing, that he had expressed his desire to appeal to his attorney, and believed that an appeal had been filed. *See id.* On June 19, 2007, the appellate court denied petitioner's motion. *Exhibit 20 to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibits 21, 22 to Return of Writ*. On October 31, 2007, the Ohio Supreme Court dismissed his appeal as not involving any substantial constitutional question. *Exhibit 23 to Return of Writ*.

On July 29, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He executed the petition on July 15, 2008. He asserts that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Ineffective assistance of counsel.
>
> Counsel did not file affidavit with trial court knowing petitioner future abilities to pay fines, court cost and restitution should be waived because of his inability to pay.
>
> 2. Petitioner has a constitutional right to a first appeal.
>
> Petitioner has a right to an appeal especially when petitioner request[s] his court appointed counsel to file a notice of appeal, but never did.

3. The sentence imposed is in violation of the Fifth, Sixth and Fourteenth Amendment.

Trial court imposed a sentence without submitting additional fact finders to a jury and proven beyond a reasonable doubt, nor did petitioner admit to the fact finding.

4. The trial court did not impose all credit served in [lieu] of bail.

Petitioner is entitle[d] to all time served in lieu of bail awaiting sentence and transportation to correctional institution. Trial court refused to give petitioner time served while awaiting sentence and transportation, in violation of the Fifth Amendment.

It is the position of the respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d)(1) imposes a one year statute of limitations on the filing of federal habeas corpus petitions:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1),(2).

### 28 U.S.C. §2244(d)(1)(A)

Applying the language of 28 U.S.C. §2244(d)(1)(A), petitioner's conviction became final on October 1, 2005, thirty days after the August 31, 2005, judgment entry of sentence, when the time period expired to file a timely appeal to the state appellate court. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir.2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on October 1, 2006. On June 28, 2006, petitioner filed a motion for jail time credit. *See Exhibit 11 to Return of Writ*. However, that action did not toll or otherwise affect the running of the statute of limitations because that motion "did not challenge or otherwise seek review of [petitioner's] conviction or sentence, but merely requested that he be considered for early release." *Fleming v. Lazaroff,* 2006 WL 1804546 (S.D.Ohio June 28, 2006).

> "Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for ... collateral review of the judgment or claim."

4

*Witkowski v. Vasbinder,* No. 04-CV-74232-DT, 2006 WL 618891, at *4 (E.D.Mich.Mar.9, 2006) (unpublished) (quoting *Rodriguez v. Spencer,* 412 F.3d 29, 36 (1st Cir.2005), *cert. denied,* 546 U.S. 1142, 126 S.Ct. 1151, 163 L.Ed.2d 1007 (2006)). As a general rule, a "filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, *and must collaterally attack the relevant conviction or sentence." Id.* (citing *Sibley v. Culliver,* 377 F.3d 1196, 1200 (11th Cir.2004), in turn citing *Voravongsa v. Wall,* 349 F.3d 1, 6 (1st Cir.2003), *cert. denied,* 541 U.S. 963, 124 S.Ct. 1724, 158 L.Ed.2d 407 (2004)) (emphasis added). In other words, the application must seek "review" of the "judgment pursuant to which [the petitioner] is incarcerated" to trigger the applicability of § 2244(d)(2)'s tolling provision. *Id.; see also Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir.2002), *cert. denied,* 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003); *Branham v. Ignacio,* 83 Fed.Appx. 208, 209 (9th Cir.Dec.11, 2003) (not published in Federal Reporter), *cert. denied,* 541 U.S. 1077, 124 S.Ct. 2423, 158 L.Ed.2d 990 (2004); *Johnson v. Lewis,* 310 F.Supp.2d 1121, 1125 (C.D.Cal.2004).

... [C]ourts have refused to extend the tolling provision set forth in 28 U.S.C. § 2244(d)(2) to mandamus petitions seeking to have a state court take action on a matter, *Moore,* 298 F.3d at 366-67; *Webb v. Cason,* No. 02-CV-72788-DT, 2003 WL 21355910, at *4 (E.D.Mich. May 30, 2003) (unpublished), *aff'd,* 115 Fed.Appx. 313 (6th Cir.Dec.17, 2004) (not published in Federal Reporter), *cert. denied,* 545 U.S. 1120, 125 S.Ct. 2919, 162 L.Ed.2d 305 (2005); petitions for executive clemency under state law, *Malcolm v. Payne,* 281 F.3d 951 (9th Cir.2002); motions for evidentiary materials and transcripts filed with the court, *Lloyd v. VanNatta,* 296 F.3d 630 (7th Cir.2002), *cert. denied,* 537 U.S. 1121, 123 S.Ct. 856, 154 L.Ed.2d 802 (2003); *Hodge v. Greiner,* 269 F.3d 104, 107 (2nd Cir.2001); motions for appointment of counsel, *Voravongsa,* 349 F.3d at 6-7; and motions to correct the record, *Witkowski, supra,* 2006 WL 618891, at *4.... [T]he Court similarly concludes that because petitioner's motions for judicial release did not seek collateral review of the underlying judgment or sentence that resulted in petitioner's incarceration, the statute of limitations was not tolled under §2244(d)(2)

during the time they were pending in the state courts.

*Id.* (Footnote omitted).

Similarly, petitioner's April 30, 2007, motion for delayed appeal did not toll or otherwise affect the running of the statute of limitations in this case, since petitioner filed such action more than six months after the statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations period ( *i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v.. Brigano,* 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same).

Petitioner did not execute the instant habeas corpus petition until July 15, 2008, more than one year and nine months after the statute of limitations had expired. Further, he has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir.2003).

Petitioner contends that requested his attorney to file an appeal and thought that his attorney had filed the appeal.

28 U.S.C. §2244(d)(1)(B)

The limitations provision set forth in 28 U.S.C. §2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating that his counsel on appeal was ineffective in perfecting or pursuing an appeal and such ineffectiveness actually prevented petitioner from filing a timely habeas petition. For example, the court in *Waldron*

6

*v. Jackson,* 348 F.Supp.2d 877 (N.D .Ohio 2004), concluded that the statute of limitations did not begin to run under 28 U.S.C. §2244(d)(1)(B) where counsel failed to perfect a timely appeal after having been requested to do so. *See also Merriweather v. Brunsman,* 2006 WL 1698825 (S.D. Ohio June 20, 2006); *Woods v. Jackson,* 2006 WL 746293 (S.D.Ohio March 22, 2006); *Dean v. Pitcher,* 2002 WL 31875460 (E.D.Mich. Nov. 7, 2002); *Collier v. Dretke,* 2004 WL 1585903, (N.D.Tex. July 13, 2004) (unpublished *Report and Recommendation), adopted,* 2004 WL 1944030 (N.D.Tex. Aug. 31, 2004); *Felton v. Cockrell,* No. 3:03-CV-0764-L, 2003 WL 21946862 (N.D.Tex. Aug. 13, 2003). *But cf. Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D.Mass.2001) (rejecting argument that the petitioner's court appointed attorney was a "state actor" under § 2244(d)(1)(B)); *Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. May 28, 2003) (no causal connection between attorney's ineffectiveness in filing appeal and petitioner's ability to file federal habeas corpus petition where defendant waited ten years after last communicating with his attorney to file his motion for delayed appeal.)[1]

Here, however, petitioner was sentenced pursuant to the joint recommendation of the parties. *See Exhibits 8, 9, 10 to Return of Writ*.

> Ohio Rev.Code § 2953.08(D) provides that a "sentence imposed upon a defendant is not subject to review ... if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

---

[1] The court in *Waldron* noted that its decision appeared to conflict with the Sixth Circuit's unpublished decision in *Winkfield v. Bagley, supra. Waldron v. Jackson, supra,* 348 F.Supp.2d at 885-86 n. 4.

7

> Therefore ... petitioner had no right granted by the state to appeal his sentence, which was jointly recommended by the defense and prosecution, unless it was not "authorized by law." *See Rockwell v. Hudson,* No. 5:06cv391, 2007 WL 892985, at * 6 (N.D.Ohio Mar.21, 2007) (unpublished) (citing *State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 6 (Ohio 2006); *State v. Porterfield,* 106 Ohio St.3d 5, 829 N.E.2d 690, 691 (Ohio 2005) (syllabus)) ("Under Ohio law, a sentence imposed by the trial court which is authorized by law and recommended jointly by the defense and prosecution is not subject to appellate review."); *Cornell v. Jeffries,* No. 2:05cv948, 2006 WL 2583300, at * 8 (S.D.Ohio Sept.7, 2006) (Smith, J.) (unpublished) (and numerous Ohio cases cited therein).

*Pearl v. Warden, Lebanon Correctional Institution*, 2009 WL 890502 (S.D. Ohio March 30, 2009)(rejecting petitioner's contention that 2244(d)(1)(B) was applicable because petitioner had no right under Ohio law to appeal his agreed-to sentence).[2] Therefore, this Court is not persuaded that §2244(d)(1)(B) renders this action timely.

28 U.S.C. §2244(d)(1)(D)

Under 28 U.S.C. §2244(d)(1)(D), an otherwise untimely habeas corpus petition may be timely where a defendant is not advised of his right to appeal, so long as he acted in a reasoanbly diligent manner in learning about his appeal. See, e.g., *See DiCenzi v. Rose*, 452 F.3d 465 (6th Cir.2006).

> The proper task ... is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of

---

[2] The parties also appear to have agreed to issuance of jail-time credit. *Sentencing Transcript*, at 15. Petitioner also did not object to imposition of the fine. *Id.,* at 18.

> the date in which the discovery would have been made in the exercise of due diligence. *Wims,* 225 F.3d at 190.
>
> * * *
>
> ... [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing]. *Wims,* 225 F.3d at 190-91 (citing *Easterwood v. Champion,* 213 F.3d 1321, 1323 (10th Cir.2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id.,* at 470-471. "[P]etitioner bears the burden of proving that he exercised due diligence" under 28 U.S.C. § 2244(d)(1)(D)." *Id.,* at 471, citing *Lott v. Coyle,* 261 F.3d 594, 605-06 (6th Cir.2001).

Here, petitioner does not contend that he was not informed of, or did not know about the right to appeal. As noted by the state appellate court, the record does not demonstrate that petitioner acted diligently in pursuing his claims. part as follows:

> On April 30, 2007, defendant Chastin Thombs, filed motions to prepare transcript at state expense and motions for leave to file a delayed appeal from: 1) an August 31, 2005 judgment of the Franklin County Court of Common Pleas... 2) an August 31, 2005 judgment ... 3) a September 1, 2005 judgment....
>
> ***
>
> [T]he only reason given by defendant to support his motions for leave to file a delayed appeal is that he "expressed his desire to appeal to his counsel, and believed an appeal was filed." Defendant adds in his memorandum in reply that he is a layperson....
>
> ***

9

> Defendant does not indicate when he expressed his desire to apepal or how this was communicated to his attorney. He does not give this court information as to why he believed an appeal had been filed or how he discovered one had not been filed. Additionally, there is no explanation as to why it took him 21 months to conclude that his appeal had not been filed. We find this substantial lag in filing his motions for leave to file a delayed appeal, without justifiable explanation, is unreasonable.

*Exhibit 20 to Return of Writ.*

Petitioner's entirely unsupported allegation that he told his attorney to file an appeal, and thought that an appeal had been filed, is implausible, since he was sentenced to the agreed upon terms of the parties, and although he was aware of the thirty day time limit for filing an appeal, *see Entry of Guilty Plea Forms, Exhibits 5, 6, 7 to Return of Writ*, he waited more than one year and a half to file his motion for delayed appeal. Further, this Court concludes that 28 U.S.C. 2244(d)(1)(D) does not apply to render petitioner's claims timely, since petitioner had no right to appeal his sentence under Ohio law. *See Moore v. Wilson*, 2009 WL 2399122 (N.D. Ohio August 4, 2009)(reaching same conclusion); *see also Vilardo v. Warden, Lebanon Correctional Inst.*, 2008 WL 4366036 (S.D. Ohio September 18, 2008).

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. 2244(d).

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel  
United States Magistrate Judge